## THE PEOPLE v. JAMES CUMMERFORD.

*Closing saloons.*

A saloon is not "closed" within the meaning of the law requiring such places to be closed at certain times (How. Stat. § 2274), so long as it is possible for persons desiring liquor to get in peaceably, whether by the outside entrance or any other, or so long as any customer who is inside at the time for closing remains inside. And it is not important that there is no one attending the bar, if the liquor is accessible, nor is it important that none is sold.

Error to the Recorder's Court of Detroit. (Swift, J.) October 22.—October 28.

Complaint for keeping saloon open on Sunday. Respondent brings error. Affirmed.

Attorney General *Moses Taggart* and Prosecuting Attorney *George F. Robison* for the People.

*Wm. B. Jackson* for respondent.

MORSE, C. J.   The defendant was convicted of the offense of not keeping his saloon closed on the night of the 30th of January, 1885, from and after the hour of ten o'clock in the evening until six o'clock in the morning of the succeeding day.   Before the jury were impaneled in the Recorder's Court of the city of Detroit, where the case was tried, the defendant, by his counsel, moved to quash the complaint, on the ground that it did not set forth any offense under the laws of this State, which motion was denied, and exception taken. John Spillane, an officer of the Metropolitan police, testified · that defendant kept a saloon where intoxicating liquors were sold at retail; that there was a restaurant connected with said saloon ; that the entrance to the restaurant was on Randolph street, and the entrance to the bar-room, the only room where such liquors were sold, was on the Michigan Grand avenue side of the building; that the restaurant and bar-room were in separate rooms, with a door between them, which closed with a self-acting spring; that on the night in question the entrance to the bar-room was closed, so far as the witness knew, at ten o'clock, and no person went in or came out of said bar-room by that entrance after that hour ; that the witness and another officer went into the restaurant, by the Randolph-street door, at half past eleven o'clock that night ; that said door was open ; that the door leading from the restaurant to the bar-room was closed ; that they pushed it open and entered the bar-room.   Just before they went in they saw several persons enter the restaurant and pass through the spring-door into the bar-room, which was lighted.

The following question was then asked witness :   " Whom did you see in the bar-room ?"   Objected to by defendant's counsel as incompetent, irrelevant, and immaterial.   The objection was overruled, and witness testified that he saw the defendant and others at the bar, and the bartender behind the bar.   *Question*:   " Did you see any liquors sold at that

time ?"  Objected to for the same reasons given above, and overruled.  Witness then gave evidence that the bartender put drinks on the bar, and of what took place in the bar-room, and also that people were continually going in and coming out of the bar-room, through the restaurant, until about half past three in the morning.

Other evidence was received tending to show the same state of facts; also evidence on the part of the defendant tending to contradict the witnesses for the prosecution, and that no liquors were sold, and no business done, of any kind, in the bar-room.

The court charged the jury, among other things, as follows:  "If the saloon was open, and people went in and liquor was sold to them, then the saloon was open in the meaning of the law.  It makes no difference whether the door was open or not.  If they went into the restaurant and from there found any means of access to the saloon, and liquor was sold them in the saloon, then it was open for business.  It makes no difference how many people were in there ; the only question is, was the saloon open for business?"  To this part of the charge the defendant excepted.

We find no error in the proceedings.  The charge was too favorable to the defendant.  If the jury found the saloon lighted, the bartender inside behind the bar, with a spring-door from the restaurant, which only needed a push to open it, and that people were passing in and out through this door, it was a plain violation of the statute, whether any liquors were sold or not.  It was the same in our view of the law as an open door, or an open entrance without a door.  The statute contemplates that a closed door shall be one that cannot be opened by a mere push of the hand.  Such a door is an evasion of the law, and its continuance in the shape it was in, in this case, we are inclined to think, would be a violation of the statute, without either the defendant or his bartender inside ready to wait upon customers, because if any persons in the restaurant wanted liquor they would only have to push open this spring-door and help themselves.

It was also entirely competent to show what took place

inside of the bar-room. If the saloon had been securely locked and fastened both at the main entrance and also at the door leading into the restaurant, and yet after the hour of ten o'clock in the evening the defendant and his bartender were inside furnishing drinks to others, also inside, he would be amenable to the statute, because either the persons inside must have got in after ten, or have been left inside when the doors were closed and locked. In either case the law would be violated. When the statute requires the doors to be closed, it means that no one shall be inside, or get inside thereafter, before lawful hours, at least with the consent of the defendant or his authorized agents. We had supposed the meaning of the term "closed door," under the statute, had been fully heretofore set forth by this Court in the cases of *Kurtz v. People* 33 Mich. 282; *People v. Waldvogel* 49 Mich. 337; *People v. Blake* 52 Mich. 566, and others. It is not alone the intent or purpose for which the saloon is kept open that is offensive to the law, but also the opportunity furnished persons to obtain liquors at the hours and on the days prohibited by the statute.

We also think the complaint sufficient. There being no error,

The judgment of the Recorder's Court is affirmed.

The other Justices concurred.