## STATE v. DONALDSON.

1. Under Laws 1895, c. 64, § 3, providing that all informations shall be verified by the affidavit of the state's attorney, informant, or other person, the state's attorney's verification of an information on information and belief is sufficient.

2. Under Laws 1897, c. 72 § 14, providing that all saloons, restaurants, bars in hotels or elsewhere, and all other places except drug stores,

where any of the liquors mentioned in the act are sold or kept for sale, shall not be open on Sunday, an information charging defendant with keeping open his "saloon and bar" on Sunday, in violation of the statute, such "saloon and bar" being a place where the liquors mentioned in the statute are sold, is not objectionable as charging mo: e than one offense.

3. An information charging that the offense of keeping a saloon open on Sunday was committed "in the city and county of Yankton, and State of South Dakota," is sufficiently specific as to place.

4. An information charging the offense of keeping a saloon open on Sunday need not allege that the saloon was kept open for the purpose of doing a prohibited business, as the prohibition of the statute is that the place "shall be closed on the first day of the week, commonly called 'Sunday.'"

5. The fact that costs had not been taxed at the time a writ of error was sued out from a judgment imposing a fine and costs on the accused, and imprisonment in case of failure to pay the same, does not render the judgment inoperative for uncertainty.

(Opinion filed December 15, 1899.)

Error to circuit court, Yankton county. Hon. E. G. SMITH, Judge.

David Donaldson was indicted for keeping his saloon open on Sunday. From a judgment overruling his demurrer to the information, he brings error. Affirmed.

The facts are stated in the opinion.

*Robert B. Tripp,* for plaintiff in error.

*John L. Pyle,* attorney general, and *A. H. Orvis,* for defend ant in error.

FULLER, J. In the trial court the following demurrer to an information charging plaintiff in error with keeping his saloon open on Sunday, in violation of Section 14, Chap 72,

Laws 1897, was overruled: "Now comes the defendant, and demurs to the information for that it appears upon the face thereof: (1) That it does not substantially conform to the requirements of the law relating thereto; (2) that more than one alleged offense is attempted to be charged therein; (3) that the facts stated do not constitute a public offense." Having elected to stand on the demurrer, judgment was entered imposing upon the accused a fine of $50, together with costs, and a forfeiture of his license to sell intoxicating liquors in the county of Yankton from the time when sentenced until the first day of July, 1899, and in default of the payment of both fine and costs it was adjudged that he be imprisoned in the county jail one day for every $2 of said fine and costs, or until the same shall be paid in full.

That the information was verified by the state's attorney on information and belief, instead of positively, is the first point urged in support of the proposition that the same "does not substantially conform to the requirements of the law" providing that "all informations shall be verified by the affidavit of the state's attorney, informant, or some other person." Section 3, Chap. 64, Laws 1895. In this state no information can be filed for any offense against any person, not a fugitive from justice, until he has either had or waived a preliminary examination, from which it must appear from competent testimony that a public offense has been committed, and the magistrate must have sufficient cause to believe the defendant guilty thereof. The state's attorney must conduct the examination of witnesses, and is authorized, in the exercise of his discretion, to have the testimony offered at the preliminary hearing written out at the expense of the county in the form of questions and

answers, and filed with the papers in the case. Comp. Laws, § 7175; Section 8, Chap. 64, Laws 1895. Moreover, he must inquire into the case fully, and if, from a careful examination of all the facts and circumstances, he should determine that no information ought to be filed, it is his duty to make and present to the trial court an unverified written statement to that effect, giving his reasons therefor, both as to law and fact; and the court, if dissatisfied therewith, has jurisdiction to order such officer to file a proper information, and bring the case to trial. Section 6, Chap. 64, Laws 1895. The idea of requiring a public officer to swear positively to the existence of facts of which he may have no knowledge other than that of information and belief is clearly at variance with reason and inconsistent with the spirit of criminal law. To prevent groundless or vindictive prosecutions, and not as a matter of evidence, verifications are required; and when a state's attorney, familiar with all the testimony, and acting in good faith upon the line of duty, prepares an information according to the law and facts, the object of the statute is fully met when, in his official capacity, he verifies the same on information and belief. State v. Montgomery, 8 Kan. 351; Washburn v. People, 10 Mich. 372. It is averred "that David Donaldson kept open   *   *   *   a saloon and bar, of which the said David Donaldson was then and there the owner and proprietor, and the said saloon and bar being then and there a place wherein brewed, malt, and intoxicating liquors were sold and kept for sale." For a reversal it is urged that by the use of the foregoing language "more than one offense is attempted to be charged," but to us it does not so appear. The words used must be given their usual significance as commonly employed, and the word "saloon," when

considered in relation to other expressions connected therewith, unquestionably means a building and a bar constituting a place where intoxicating liquors are sold, just as the information states in ordinary and concise language. Comp. Laws, § 7247; And. Law Dict. As apt words are used to charge a specific and single offense, so that a person of common understanding may readily know just what is intended, the information is not susceptible to the imputation of duplicity, and the contention of counsel is untenable. As the statute provides that "all saloons, restaurants, bars in hotels or elsewhere, and all other places except drug stores, where any of the liquors mentioned in the act are sold or kept for sale, * * * * shall be closed on Sunday," the exception constitutes no part of a definition of the place designated or description of the offense of keeping a saloon open on Sunday. Without any exception whatever, the act of keeping a saloon open on Sunday constitutes the entire statutory offense intended, and, as no justifying circumstances can exist, it is needless to negative such matter, and all argument to the contrary is without merit. Territory v. Scott, 2 Dak. 212, 6 N. W. 435.

Although it is charged that the offense was committed "in the city and county of Yankton, and State of South Dakota," it is maintained by counsel for the accused that the information is not sufficiently specific as to place. Where the abatement of a nuisance is the sole object of a prosecution, the place of the alleged offense should probably be so described that no doubt can exist with reference thereto in the mind of the officer executing process, but in a case like this the appropriate designation of the city, county and state is clearly sufficient. Zumhoff v. State, 4 G. Greene, 526; Com. v. Cummings, 6 Gray, 487; 1

Bish. New Cr. Proc. 370; Black, Intox. Liq. 461. The keeping of a saloon open on Sunday constitutes the gravamen of the offense with which plaintiff in error stands charged. The injunction of the statute is that the place "shall be closed on the first day of the week, commonly called 'Sunday,'" and proof that it was open on that day would sustain a conviction, although none of the liquors there kept for sale were disposed of. People v. Cummerford, 58 Mich. 328, 25 N. W. 203; People v. Schottey, (Mich.) 74 N. W. 209. The claim that a failure to allege that the saloon was kept open for the purpose of transacting a prohibited business is fatal to the information is not within the purview of the statute, the purpose of which is to prevent the opportunity or an excuse for any one being inside the building on the Sabbath day with the consent of the owner or his authorized agent.

The writ of error being sued out before the costs were taxed, that item was left blank in the judgment, which is, for that reason, attacked upon the ground of uncertainty. Whether the judgment is for that reason, inoperative as to costs, is a question not presented. It is certainly definite and certain as to the fine imposed, and the duration of the imprisonment in case of a failure to pay the same. It was held by this court in Williams v. Wait, 2 S. D. 210, 49 N. W. 209, that an appeal from a judgment in a civil action will lie before costs are taxed, and no sufficient reason has been given why the same rule is not applicable to a case of this character.

While the remaining points, all of which relate to the judgment, have received careful consideration, an extended discussion of each is not deemed necessary. There being no error of which the accused can rightfully complain, the judgment is affirmed.