## STATE OF SOUTH DAKOTA, Respondent, v. HANSON, Appellant.

### (227 N. W. 571.)

(File No. 6287. Opinion filed November 26, 1929.)

For former opinion, see 223 N. W. 55.

*W. J. Jacobs,* of Faulkton, and *D. J. O'Keeffe,* of Pierre, for Appellant.

*Buell Jones,* Attorney General, *H. A. Linstrom,* Assistant Attorney General, and *Paul Byrne,* State's Attorney, of Faith, for the State.

POLLEY, J. An opinion herein was handed down by this court on the 15th of January, 1929, 223 N. W. 55. A petition for rehearing was granted, and the case has been again examined by the court.

The information charges that at a designated time and place defendant was the agent of Z. A. Comfort and C. L. Bright of Jessup, Iowa; that as such agent defendant received and took into his possession a certain check for $1,432.75, which check was the property of said Z. A. Comfort and C. L. Bright; and that at said time and place defendant willfully, unlawfully, fraudulently, and feloniously appropriated and converted the said check and the proceeds thereof to his own use in violation of said agency and trust.

The evidence shows: That the defendant resided in Onaka in Faulk county, and that he had resided at such place, and had been engaged in the real estate and insurance business, for some 17 years prior to 1925. Defendant in his business as a real estate dealer had at different times negotiated loans for various parties. That in April, 1925, the said Comfort and Bright were desirous of securing loans on two quarter sections of land owned by them, one of which said quarters was situated in Faulk county and the other in Edmunds county. Prior to that time defendant had negotiated loans for various parties from the G. W. Hart Farm Mortgage Company at Aberdeen and appears to have had in his possession blank forms for making applications for loans from that company. Defendant sent two of these blanks to Comfort and Bright, who filled out and signed the same and returned them to defendant; each application being for the sum of $1,500. Defendant forwarded such applications to the said mortgage company. After investigating the title to the property, the mortgage company approved and accepted both applications. Attached to and made a part of each application was a written order or direction, each signed by Z. A. Comfort, and each of which reads as follows:

"On demand, after completion of my loan and the receipt of all papers required in connection therewith by you, pay the sum of Fifteen Hundred and no/100 Dollars which sum I acknowledge to be the full amount due me from you to close the said loan, to the order of H. J. Hanson of Onaka, S. D. which I hereby appoint my agent to receive for me said sum and whose endorsement on this draft shall be a full receipt to you from me and shall discharge you from all liability to me on account of said loan.

"Z. A. Comfort."

After deducting certain commissions by the mortgage company, the amount due to Comfort and Bright on each of said loans was $1,432.75, and on or about the 16th day of September, 1925, said company forwarded to defendant two checks each for $1,432.75 and each payable to the order of H. J. Hanson. Defendant indorsed one of these checks and forwarded it to Comfort and Bright. The other was indorsed by defendant and by him deposited in the First State Bank of Onaka to the credit of H. J. Hanson Company, a corporation of which defendant was president and general manager. The reason given by defendant for not forwarding this check was that there were some items of expense that had been incurred and paid by defendant the amount of which had not then been ascertained, and that he wished to withhold the proceeds of this check until he had ascertained these items of expense so that he could reimburse himself from the proceeds of the check before forwarding the same to Comfort and Bright. These items of expense, amounting to $7.80, were ascertained not later than the 2d day of October, and defendant testified that on or about that date he forwarded a check to Comfort and Bright for the balance, amounting to $1,424.95. This check, if sent, was never received by Comfort or Bright nor presented for payment nor returned to defendant. On November 11th, upon demand by Comfort and Bright, defendant forwarded to them his check for the above amount. On presentation payment of this check was refused for lack of funds and up to the time of the trial had not been paid. In fact, the proceeds of the check from the mortgage company less the expense items amounting to $7.80 that had been paid by defendant were used in paying certain personal indebtedness of the defendant.

Upon the record in this case there is no doubt that defendant was acting as the agent for Comfort and Bright. There is

some evidence and defendant contends that he was the agent for the G. W. Hart Mortgage Company; but in view of the written appointment of agent from Comfort and Bright above set out, and which was forwarded to the mortgage company by defendant, there can be no question, at least after the forwarding of such appointment, that defendant received the two checks from the mortgage company as the agent for Comfort and Bright.

A number of assignments of error are predicated on the reception of certain evidence at the trial. We do not see the materiality of this evidence, neither do we see how the defendant was in any wise prejudiced by the admission of the same.

It is contended by defendant that he had a right to cash the check in question and to reimburse himself for the expenses he had incurred in making the loan, and that therefore the evidence does not show that he embezzled the check. Under the evidence in this case, we think the defendant had a right to cash this check and reimburse himself from the proceeds thereof, but he is charged with the misappropriation of the proceeds of the check, as well as the check itself. As claimed by defendant, the information charges two offenses, but this is a question which should have been raised by demurrer to the information. Not having been presented by demurrer, it is deemed to have been waived. Section 4779, Rev. Code 1919.

■ The case was submitted to the jury by the court on the theory that they might convict the defendant if they found that he had misappropriated either the check or the proceeds thereof. No exceptions were taken to this instruction; therefore the instruction was the law of the case, and the question cannot be reviewed by this court.

■ Error is predicated upon alleged misconduct of the state's attorney. The conduct complained of consisted of asking certain questions during the trial that defendant contends were not only immaterial and irrelevant, but were asked for the sole purpose of prejudicing the jury against him. No objection based upon this ground was made during the trial, nor was the court asked to put a stop to the conduct complained of or to admonish the jury to disregard the objectionable matter. This question cannot be raised for the first time in this court. If defendant wished to avail himself of this objection, he should have raised it during the trial.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and BROWN, J., concur.

CAMPBELL, and BURCH, JJ., dissent.