Charles W. KIRBY, Plaintiff and Respondent,

v.

STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, Defendant and Appellant.

No. 12138.

Supreme Court of South Dakota.

Jan. 25, 1978.

Thomas G. Fritz, of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for plaintiff and respondent.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for defendant and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

WOLLMAN, Justice.

The state appeals from a judgment of the circuit court that set aside an order entered by the Department of Public Safety revoking respondent's driver's license. We reverse and remand.

On the evening of March 28, 1976, two officers of the Rapid City Police Department observed respondent slumped over asleep behind the steering wheel of his vehicle, which was parked with the left wheels on the traveled roadway portion of a street near a warehouse in the city. The parking lights were on and the engine was running. In the process of checking respondent's driver's license, one of the officers noticed the odor of alcohol on respondent. Respondent did not perform satisfactorily on three field sobriety tests administered by the officer, and after some delay, during which the officers offered respondent the opportunity of returning to his home with his wife, whom the officers had called at respondent's request, respondent was informed that he was under arrest for driving while intoxicated. After being fully informed of his rights under the implied consent statute, SDCL 32–23–10, respondent refused to submit to a breathalyzer test.

The driving while intoxicated charge was dismissed by the magistrate court on the ground that the officers had no probable cause to arrest respondent on that charge. The state proceeded with the revocation proceedings, however, and respondent's driver's license was ultimately revoked for a period of one year.*

SDCL 32–23–1 provides in part:

"A person shall not drive or be in actual physical control of any vehicle while:

.    .    .    .    .

(2) Under the influence of an alcoholic beverage."

SDCL 32–23–10 provides in part:

---

\* The dismissal of the criminal charge was, of course, irrelevant to the disposition of the revocation proceedings. *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603; *Blow v. Commissioner*, 83 S.D. 628, 164 N.W.2d 351.

"Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath, or other bodily substance for the purpose of determining the amount of alcohol in his blood, as provided in § 32–23–7, provided that such test is administered at the direction of a law enforcement officer having lawfully arrested such person for a violation of § 32–23–1."

SDCL 32–23–11 provides:

"If any person described in § 32–23–10, after request and explanation as therein provided, shall refuse to submit to such chemical analysis, then such test shall not be given. In such event after opportunity for hearing pursuant to chapter 1–26 if hearing is demanded, if the department shall find that the law enforcement officer complied therewith and the refusal was made by that person then it may revoke for one year his license to drive and any nonresident operating privileges he may have in his possession or may allow such driver to drive under restrictions which may be imposed by the department."

The circuit court concluded that no probable cause existed for respondent's arrest and that therefore the provisions of SDCL 32–23–10 were not available to support the revocation of respondent's license. We do not agree. Even though the officers may not have had authority under SDCL 32–23–1.1 to arrest respondent for driving while intoxicated in view of the fact that they did not observe respondent driving and because he was not involved in a traffic accident, the officers could have arrested him for being in actual physical control of a vehicle while under the influence of alcoholic beverage, SDCL 32–23–1(2), supra, for that violation clearly occurred in their presence.

In *State v. Webb*, 78 Ariz. 8, 274 P.2d 338, a driver was found asleep with his hands and head resting on the steering wheel of his idling truck, which was found in the traffic lane of a street. In holding that these facts justified a finding that defendant was in actual physical control of his vehicle, the Arizona Supreme Court stated:

"An intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving, but it does exist. While at the precise moment defendant was apprehended he may have been exercising no conscious volition with regard to the vehicle, still there is a legitimate inference to be drawn that defendant had of his own choice placed himself behind the wheel thereof, and had either started the motor or permitted it to run. He therefore had the 'actual physical control' of that vehicle, even though the manner in which such control was exercised resulted in the vehicle's remaining motionless at the time of his apprehension." 274 P.2d at 340.

In *Hughes v. State*, Okl.Cr., 535 P.2d 1023, the defendant driver was found seated asleep in the front seat of his automobile, which was parked at a ninety degree angle on a highway with the keys in the ignition. In affirming defendant's conviction, the Oklahoma Court of Criminal Appeals stated:

"It is our opinion that the legislature, in making it a crime to be in 'actual physical control of a motor vehicle while under the influence of intoxicating liquor,' intended to enable the drunken driver to be apprehended before he strikes. . . .

. . . . .

We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated person is actually driving a vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had 'actual physical control' of

the vehicle within the meaning of the statute. We, therefore, find there was sufficient competent evidence to support the verdict." 535 P.2d at 1024.

See also *Jacobson v. State,* Alaska, 551 P.2d 935; *State v. Pritchett,* 53 Del. 583, 173 A.2d 886; *State v. Ruona,* 133 Mont. 243, 321 P.2d 615; *State v. Schuler,* N.D., 243 N.W.2d 367; *State v. Ghylin,* N.D., 250 N.W.2d 252; *City of Cincinnati v. Kelley,* 47 Ohio St.2d 94, 351 N.E.2d 85; *Nicolls v. Commonwealth,* 212 Va. 257, 184 S.E.2d 9.

■ Likewise, all of the objective circumstances in the instant case pointed to the fact that respondent was in actual physical control of his vehicle: he was behind the wheel, albeit perhaps dozing; there was no one else in the vehicle; the motor was running; the parking lights were on; the vehicle was in a position where it could easily have resumed travel on the street; and respondent shut off the motor at the officers' request. In short, respondent was in a position in his vehicle under circumstances that would have supported a finding by a jury that he had driven the vehicle to the point where it was parked. See *State v. Townsend,* S.D., 231 N.W.2d 367; *State v. Boyles,* S.D., 260 N.W.2d 642, decided December 30, 1977. Perforce, there was probable cause to believe that respondent was in actual physical control of his vehicle.

■ Respondent contends that because he was purportedly arrested for driving while intoxicated rather than for being in actual physical control of his vehicle while under the influence, he was not subject to the sanctions of the implied consent law. We do not agree. True, the arresting officer told respondent that "I have arrested you for DWI, a violation of 32–23–1," but we do not perceive that statement as limiting the officer's statutory authority to require respondent to submit to a chemical test. It is the fact that the officer had probable cause to make the arrest that is of significance, not the precise wording that he employed in informing respondent of the nature of the specific offense, so long as the offense for which the officer had probable cause to arrest was one covered within SDCL 32–23–1, for SDCL 32–23–10 speaks only in terms of a lawful arrest for a violation of SDCL 32–23–1. Cf. *State v. Hackney,* S.D., 261 N.W.2d 419, decided January 5, 1978; *State v. Spry,* 87 S.D. 318, 207 N.W.2d 504; *State v. Klingler,* 84 S.D. 466, 173 N.W.2d 275.

■ Respondent contends that the provisions of the implied consent statute do not apply to the offense of being in actual physical control of a vehicle while under the influence of alcoholic beverage. Our recent decision in *State v. Chaney,* S.D., 261 N.W.2d 674, decided January 16, 1978, held to the contrary, however, and we follow that holding here.

Accordingly, the judgment appealed from is reversed and the case is remanded with directions to reinstate the order revoking respondent's driver's license.

All the Justices concur.