**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Brian Vincent RODRIGUEZ, Defendant and Appellant.**

**No. 14267.**

Supreme Court of South Dakota.

Considered on Briefs March 19, 1984.

Decided April 25, 1984.

Richard H. Wendt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Ronald E. Brodowicz, Rapid City, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction for third-degree burglary, pursuant to SDCL 22–32–8. We affirm.

In the early morning hours of October 18, 1982, police were alerted to a possible unauthorized entry at the Child Development Center in Rapid City, South Dakota. Upon arriving at the scene, officers found that a door had been forced open. Appellant, Brian Vincent Rodriguez, and a co-defendant were discovered inside the building; neither had permission to be in the building. When apprehended, appellant's coat was bulging with items owned by the Child Development Center. After his arrest, appellant was transported to the Pennington County Jail, where he was read his rights. Appellant told an officer that he remembered forcing his way into the building in order to "rip the place off."

Appellant was charged with third-degree burglary and received a jury trial. At the close of the evidence the trial court instructed the jury on the elements of third-degree burglary, but refused to give an instruction on the offense of non-felonious entry. The jury returned a guilty verdict and appellant was sentenced to eight years in the state penitentiary.

Essentially, appellant raises two issues on appeal. His first contention is that a 1977 revision of the non-felonious entry

statute, SDCL 22–32–16, materially changed the elements of the offense, so that, despite our earlier decisions to the contrary, non-felonious entry is now a lesser included offense of third-degree burglary, SDCL 22–32–8. Therefore, appellant maintains he was entitled to a jury instruction on the lesser offense.

Prior to 1976, SDCL 22–32–16 read as follows: "Every person who under circumstances not amounting to any burglary enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit felony, larceny, or malicious mischief, is guilty of a misdemeanor." In a long line of cases interpreting this statute, we held that non-felonious entry was not one of the degrees of the crime of burglary, but that it was in fact an entirely independent crime; therefore, a defendant charged with third-degree burglary was not entitled to a jury instruction on SDCL 22–32–16. *See, e.g., State v. O'Connor,* 265 N.W.2d 709 (S.D.1978); *State v. Myott,* 246 N.W.2d 786 (S.D.1976); *State v. O'Connor,* 86 S.D. 294, 194 N.W.2d 246 (1972); *State v. Vierck,* 23 S.D. 166, 120 N.W. 1098 (1909).

In 1976, the legislature repealed SDCL 22–32–16,[1] but it was reenacted by the 1977 Legislature.[2] The non-felonious entry statute, as reenacted, presently states: "Any person who, under circumstances not amounting to burglary, enters a structure with intent to commit any crime is guilty of a Class 1 misdemeanor." The issue to be decided is whether this change in the statute requires a departure from our earlier case law.

For the following reasons, we hold that the non-felonious entry statute was not materially changed by the legislature in 1977. First, a close comparison of the prior statute and the present statute reveals that except for a change of wording, the meaning is the same. Second, as stated in the session laws, the 1977 Legislature "reenacted" the old statute; it did not enact a new statute or "amend" the old one. The obvious implication is that the legislature did not wish to materially change the old statute. Since the present statute is essentially the same as the prior statute, the case law interpreting the prior statute is still applicable. Therefore, non-felonious entry is not a lesser included offense of third-degree burglary,[3] and the trial court did not err in refusing to instruct the jury on SDCL 22–32–16.[4]

Appellant's second contention is that the information by which he was charged violated his rights under SDCL 23A–6–4 since it stated the burglary charge disjunctively: "feloniously did enter *or* remain in an unoccupied structure ..." (emphasis added). Such disjunctive pleading, appellant argues, creates uncertainty as to which of two offenses is being charged.

This claim is totally without merit. We have consistently held that an information is sufficient if it employs the language of the statute or its equivalent. *State v. Alexander,* 313 N.W.2d 33 (S.D. 1981); *State v. Wilson,* 297 N.W.2d 477 (S.D.1980); *State v. Provost,* 266 N.W.2d 96 (S.D.1978). Here, the disjunctive language of the information was taken directly from the statute. Furthermore, it is not error to plead statutory words disjunctively when the statute relates to but one offense. *State v. Giuliano,* 270 N.W.2d 33 (S.D.1978); *State v. Strauser,* 75 S.D. 266, 63 N.W.2d 345 (1954).

The judgment of conviction is affirmed.

All the Justices concur.

*O'Connor,* 265 N.W.2d 709 (S.D.1978), Zastrow, J., specially concurring.

1. 1976 S.D.Sess.Laws, ch. 158, § 32–5.

2. 1977 S.D.Sess.Laws, ch. 189, § 65.

3. To be a lesser included offense, a statute must pass a two-part test (legal and factual). *See State v. Blakey,* 332 N.W.2d 729 (S.D.1983); *State v. Poss,* 298 N.W.2d 80 (S.D.1980); *State v.*

4. By so holding, we also reiterate our decision in *State v. Secrest,* 331 N.W.2d 580 (S.D.1983), in which we held that SDCL 22–32–8 and SDCL 22–32–16 do not violate state and federal constitutional guarantees of equal protection.