**Raymond A. PETERSEN,
Petitioner and Appellee,**

v.

**DEPARTMENT OF PUBLIC
SAFETY, Appellant.**

**No. 14268.**

Supreme Court of South Dakota.

Considered on Briefs February 17, 1985.
Decided Aug. 14, 1985.

David L. Braun of Gors and Braun, Pierre, for petitioner and appellee.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

FOSHEIM, Chief Justice.

The Department of Public Safety appeals from a circuit court order vacating the Department's order to revoke Raymond A. Petersen's driver's license for one year because of his refusal to take a blood test. We reverse.

At 9:00 p.m. on December 18, 1982, Highway Patrolman Farnsworth investigated a

taxi parked off of old Highway 16 on a gravel approach leading to a farmstead. The car's engine was not running, its lights were off, and the automatic transmission was placed in park. The keys were in the ignition.

One man, Raymond A. Petersen, was asleep in the front seat. The upper portion of his body was leaning against the driver's door; his legs and feet were extended across the front seat. Farnsworth woke Petersen up, and noticed Petersen's incoherence and the odor of alcohol. After administering a portable breath test and field sobriety tests, Farnsworth placed Petersen under arrest. Petersen was advised of his rights under the implied consent statute. He refused to submit to a blood test. Petersen did admit that he drank "half a pint" and that he had driven the car to the gravel approach.

The only issue on appeal is whether the arresting officer had probable cause to arrest Petersen for being in "actual physical control" of a motor vehicle while under the influence of alcohol. SDCL 32–23–1(2).

In *Kirby v. Dept. of Public Safety*, 262 N.W.2d 49 (S.D.1978), this court found actual physical control of a vehicle where the defendant was dozing behind the wheel; the defendant was alone in the car; and, the motor was running. "In short, respondent was in a position in his vehicle under circumstances that would have supported a finding by a jury that he had driven the vehicle to the point where it was parked. [Citations omitted]. Perforce, there was probable cause to believe that respondent was in actual physical control of his vehicle." *Id.* at 52. Similarly, this court found a defendant in actual physical control of a vehicle where the defendant was alone and asleep on the driver's side of the vehicle with no one else present who could have driven the vehicle. *State v. DuBray*, 298 N.W.2d 811 (S.D.1980). Most recently, in *State v. Hall*, 353 N.W.2d 37 (S.D.1984), this court noted that "Hall was sitting in the driver's seat and although he was slumped over, the vehicle controls were within his reach; Hall completely dominat-ed the Buick, the key was in the ignition, the doors were locked, he could have sat up and driven off at any time and no one else could have controlled the vehicle unless Hall relinquished his control." *Id.* at 42.

It is apparent from this line of decisions and the facts of this case that Petersen, too, was in actual physical control of his vehicle. Consequently, the arresting officer had probable cause to arrest Petersen for violating SDCL 32–23–1(2), and properly requested Petersen to submit to a blood test after advising him of the implied consent laws.

The trial court erred as a matter of law when it concluded that the arresting officer did not have probable cause to arrest Petersen for being in "actual physical control." The order appealed from is reversed and the case is remanded for proceedings consistent with this opinion.

WOLLMAN, J., and DUNN, Retired Justice, concur.

MORGAN and HENDERSON, JJ., dissent.

WUEST, Acting Justice, not participating.

MORGAN, Justice (dissenting).

I also dissent.

The facts in this case indicate to me that Petersen, realizing that he was in no condition to drive further, carefully pulled off the road completely out of the way of traffic and proceeded to sleep it off. I find this to be a most commendable act. It is unfortunate that the Highway Patrol and the state's attorney did not likewise appreciate it. We should be encouraging drivers to get off the road, not penalizing them for doing so. Hopefully, other state's attorneys will use better prosecutorial discretion.

HENDERSON, Justice (dissenting).

Apparently, Petersen was not arrested for driving while intoxicated; rather, he was arrested for being in actual physical control of a vehicle while under the influ-

ence of an alcoholic beverage.[1] SDCL 32–23–1(2). "Actual physical control" is "exclusive physical power and present ability to operate, move, park or direct whatever use or non-use [is] to be made of the motor vehicle at the moment." *State v. Purcell,* 336 A.2d 223, 226 (Del.Super.1975).

The facts and circumstances of the case at bar are highly distinguishable from the cases cited in the majority opinion. In *Kirby,* the driver was slumped over and asleep behind the steering wheel; the car was parked halfway on the road; the parking lights were on and the engine was running. In *DuBray,* the driver was asleep on the driver's side of the truck; the truck had run off the road and struck a fence; the motor was running and it was still in drive. In *Hall,* the driver was asleep behind the steering wheel; the car was parked in the middle of a main street intersection; and when awakened by police, the driver grabbed the shift lever and moments later turned the ignition switch on so as to roll down the electric window.

The facts and circumstances here are radically different. Here, the car was completely off the traveled portion of the highway and was on a gravel entrance to a farm. The engine was not running and the lights were off. The ignition was in the off position, the car was in park, and Petersen was lying asleep on the front seat. He was not sitting behind the steering wheel and his feet were not on the floorboard underneath it. His hands were not on the steering wheel or other control devices.[2] There was no sign of an accident, the car did not move, the officer did not see it move, nor did Petersen manipulate any of the vehicle's controls or attempt to operate it. As it is vital to the distinction that this dissent makes, it must be understood that the majority's reliance on the fact that Pet-

ersen admitted that he had driven the car to the gravel approach is 100% ungermane to the criminal charge at hand. It would be 100% germane were he charged with driving while under the influence of intoxicating liquor. But he is not. Please note in *Hall,* 353 N.W.2d at 41–42 n. 2, wherein this Court unanimously approved of an instruction on "actual physical control." It is manifest in this Court's approval of said instruction that a person, to be in "actual physical control" requires that (1) the vehicle is operable, (2) the person is in a position to manipulate one or more of the controls which would cause the vehicle to move, and (3) the person is exercising bodily restraint, directing influence, domination, or regulation of the vehicle. True, though the vehicle remains motionless, a person can be in actual physical control but it is mandatory under *Hall* that these elements first be established.

The effect of the majority opinion is to create a new crime: Parked While Intoxicated. No such crime exists in South Dakota and under these facts and circumstances I would hold, as did Judge Talbott, that Officer Farnsworth lacked probable cause and I would therefore vacate the Department's revocation order.

Respectable authorities supporting this viewpoint are: *State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983); and *State v. Bugger,* 25 Utah 2d 404, 483 P.2d 442 (1971). The facts in both of these cases are analogous to the present facts. In *Bugger,* the driver was asleep, the car was completely off the road, and the motor was not running. In reversing a conviction for being in actual physical control of a vehicle while intoxicated, the Supreme Court of Utah held that under those facts, the driver "was *not* controlling the vehicle, nor was

1. Although the Uniform Traffic Ticket written by Officer Farnsworth described the violation as "Driving While Under the Influence of Alcohol or Drugs," all parties and tribunals involved herein treat this as an actual physical control arrest.

2. "Positioning in the driver's seat is an element common to all of the cases that have found

actual physical control of a motionless vehicle...." *State v. Smelter,* 36 Wash.App. 439, 443, 674 P.2d 690, 692 (1984). That element common to all is a position behind the steering wheel. Here, Petersen was not behind the steering wheel, nor, obviously, was he in a position from which he could drive.

he exercising any dominion over it." *Id.,* 483 P.2d at 443 (emphasis in original). In *Zavala,* the driver was unconscious, he was leaning out the driver's side window, the vehicle was pulled off the traveled portion of the highway, and the engine was off. In vacating a conviction for being in actual physical control of a vehicle while intoxicated, the Arizona Supreme Court found that although the driver remained behind the steering wheel, "the pulling off to the side of the road and turning off the ignition indicate that [the driver] voluntarily ceased to exercise control over the vehicle ...." *Id.,* 666 P.2d at 458–59.

Absolutism is an absolute standard or principle. No deviation. It is a marriage to unreasoned rigidity. An adherence to legal absolutism is an adherence to a principle from which there can be no sensible return. It is not sensible to hypothecate that every individual found in a motor vehicle, under the influence of intoxicants, is, ipso facto, exercising actual physical control of that motor vehicle.[3] Based on the circumstances of Petersen's arrest, I would affirm Judge Talbott's reversal of the Department of Public Safety.

Dissents, besides being an inordinate amount of hard work, are often a valley of tears. Given to unorthodox thought, sometimes, they can light a candle that can become the orthodox or the conventional thinking. I have not pioneered the controlling thesis of this writing. It has been, as demonstrated by the authorities I have cited, addressed before. If one reviews SDCL ch. 34–20A, which became effective on July 1, 1974, it becomes apparent that this state took a definite social stance toward alcoholism and intoxication. Read, particularly, these sections for statements I am about to make: SDCL §§ 34–20A–1, 34–20A–55, 34–20A–56, 34–20A–61, 34–20A–62, 34–20A–93, 34–20A–94, and 34–20A–95 (this one is particularly important to our consideration). From these statutes, it may be gleaned: (1) A person is not subject to criminal prosecution for being publicly intoxicated; rather, alcoholics and intoxicated persons are to be afforded "a continuum of treatment in order that they may lead normal lives as productive members of society." SDCL 34–20A–1. (2) A person who is publicly intoxicated should be assisted to his home or be taken into protective custody by the police and taken forthwith to an approved public treatment facility. SDCL 34–20A–55. (3) A person who is publicly intoxicated, and taken into detention, via protective custody, is not subject to arrest and he may no longer be detained after he is sober. SDCL 34–20A–61. (4) If a person is not admitted to a public treatment facility or is not referred to a health facility and has no funds, he should be taken to his home; and if he has no home, a public treatment facility must assist him in seeking shelter; the thinking appears to be that the poor, who have become alcoholics or intoxicated, should not be subjected to the rigors and pitfalls of the streets and alleys. *See* SDCL 34–20A–62. (5) No political subdivision of this state, or the state itself, "may adopt or enforce a law, ordinance, resolution, or rule having the force of law that includes drinking, drunkenness, *or being found in an intoxicated condition* as one of the elements of the offense giving rise to a criminal or civil penalty or sanction." SDCL 34–20A–93 (emphasis supplied mine). However, as reflected by SDCL 34–20A–95, "drunken driving, driving under the influence of alcohol, or other similar offense *involving the operation of a vehicle,* aircraft, boat, machinery, or other equipment ..." has been expressly excepted. (Emphasis supplied.) Therefore, being found in an intoxicated condition in a motor vehicle under these circumstances is not a crime in South Dakota and that is precisely, under this set of facts, that which this Court has to the contrary adjudged. The gravamen, you see, of being in actual physical control

3. Could the majority opinion's stance be logically extended to a lawful arrest and conviction of a man/woman who leaves a New Year's Eve party and walks to a parking lot or street in front of a neighbor's house, gets in the front seat, puts the keys in the ignition, never starts the motor, realizes that he/she has had too much to drink, and then goes to sleep?

of a motionless vehicle is the physical power and present ability to operate and direct the use of the motor vehicle. When a person does not possess either the physical, mental, or present ability to direct that vehicle, he or she simply is not in "actual physical control." This decision stretches this statute beyond that which was intended; and it is certainly in conflict with the alcoholism and intoxication statutes of this state which I have recited above. I would be remiss if I did not point out that SDCL 35-1-9.1 creates a Class 2 misdemeanor for possessing unsealed packages of alcoholic beverages in a vehicle.

In *Matter of Weisensee*, 296 N.W.2d 717, 722 (S.D.1980); *Matter of Walker*, 254 N.W.2d 452, 455 (S.D.1977); and *Matter of Rude*, 88 S.D. 416, 424, 221 N.W.2d 43, 48 (1974), this Court noted that it was this state's policy not to subject intoxicated persons to criminal prosecution because of their consumption of alcoholic beverages, citing SDCL 34-20A-1 or its predecessor. In *State v. Walsh*, 305 N.W.2d 687, 688 (S.D.1981), this Court noted that publicly intoxicated persons may be taken into custody and that protective custody for detoxification is not an arrest, citing SDCL 34-20A-55 and SDCL 34-20A-56. Moreover, under the latter statute, there cannot even be a record to show that the person was arrested or charged with a crime. In essence, the policy of this state, effective in 1974, became that public drunkenness was not, in any way, a crime but, rather, was a condition requiring treatment, to include emergency medical service and protective custody. Here, Petersen was awakened, told to get out of his car, given field sobriety tests, administered a portable breath test, and was then placed under arrest. Petersen's refusal to submit to a blood test prompted his loss of license for one year.

In all due respect, I must dissent, for this decision violates legislatively declared public policy and the intent of the "actual physical control" statute.