**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Pete E. RICHARDS, Defendant and Appellant.**

**No. 14606.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1985.

Decided Dec. 11, 1985.

Mark Smith, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Bette Bunker Richards, Martin, for defendant and appellant.

PER CURIAM.

Pete E. Richards appeals his conviction of driving with a prohibited alcohol level in blood. SDCL 32–23–1(1). We affirm.

On February 1, 1984, State Trooper Arnold Beam was holding a traffic check near Martin, South Dakota. He stopped an automobile driven by Pete E. Richards. While he was writing a warning ticket detailing the deficiencies of Richards' car, Trooper Beam observed Richards' bloodshot eyes, slow and deliberate speech, and strong odor of intoxicating beverage. Richards agreed to take a preliminary breath test on the portable breath testing equipment (PBT) that Trooper Beam carried with him. The test indicated the presence of alcohol. Based upon his law enforcement experience, his observation of Richards, and the results of the PBT, Trooper Beam arrested Richards. Richards was taken to the Bennett County jail where he was videotaped performing field sobriety tests and taking a breath test on the intoxilyzer. The intoxilyzer test showed Richards with a blood alcohol content of .15.

The state's first witness, Trooper Beam, was asked during direct examination to describe the PBT. He testified that blowing into the PBT will illuminate either a green, yellow or red light. The yellow light indicates a blood alcohol level between .05 and .09; the red light indicates a blood alcohol level in excess of .10. When the state asked Trooper Beam which light flashed when Richards took the PBT, the trial court sustained Richards' objection. Trooper Beam was allowed, over objection, to testify that Richards' PBT did give a positive indication of the presence of alcohol in Richards' blood.

Based upon *Frye v. United States,* 54 App.D.C. 46, 293 F. 1013 (1923); and *State v. Helmer,* 278 N.W.2d 808 (S.D.1979), Richards argues the admission into evidence of the results of the PBT constitutes prejudicial error for want of sufficient foundation. Because of two recent decisions, handed down after briefing was completed in this case, we do not reach this contention.

In *State v. Anderson,* 359 N.W.2d 887 (S.D.1984), we examined the proper evidentiary use of the PBT for the first time and concluded that PBT results may not be used as evidence against a defendant. "The PBT results may be admitted as evidence only when a defendant raises the issue of probable cause and questions the grounds for the arrest." 359 N.W.2d at 892. We declined to overturn this decision in *State v. Huettl,* 379 N.W.2d 298 (S.D. 1985). In *Huettl, supra,* we noted that extending the use of PBT results to direct evidence at trial would, in effect, repeal the implied consent law and be proof of the ultimate issue. Consequently, we reaffirmed the holding in *Anderson, supra,* that the results of the PBT are admissible at trial only in the event of a probable cause challenge.

Based upon *Anderson, supra,* and *Huettl, supra,* it was error to allow Trooper Beam to testify on direct examination that the PBT gave a positive indication of alcohol in Richards' blood. We find this

error to be harmless, however, for two factual reasons. First, Trooper Beam only testified that the test gave a positive indication of alcohol. He was not allowed to reveal whether the PBT showed a blood alcohol level in excess of .10, proof of the ultimate issue of a violation of SDCL 32–23–1(1). Second, as discussed below, the trial court properly admitted the results of a breath test on the intoxilyzer which Richards took after his arrest. This test revealed Richards' blood alcohol level to be .15.

■ Richards argues that the state failed to meet the criteria set forth in *Frye, supra,* and *Helmer, supra,* and therefore the admission of the result of the intoxilyzer constitutes prejudicial error. In *Helmer, supra,* this Court applied to breathalyzer test results the test of admissibility of scientific evidence set forth in *Frye* and outlined the prima facie evidence that the state must produce before test results are admissible.[1]

We are convinced, after reviewing the record before us, that the results of the intoxilyzer were properly admitted. *See generally, Anderson, supra; Huettl, supra.* Trooper Beam was certified by the state chemist to administer intoxilyzer tests in May 1983.[2] The test was videotaped and conducted in accordance with the South Dakota State Chemical Laboratory "Intoxilyzer Operational Check List" which requires (a) constant observation of the subject for twenty minutes prior to the test so that there is "no oral intake of any material," (b) a calibration check of the

intoxilyzer, (c) a purging of any residual amounts from a prior test by an air blank, (d) the test itself, (e) another calibration check, and (f) a witness to observe the whole procedure. According to defense witness Donald Froesch, assistant to the South Dakota State Chemist, the machine Trooper Beam used was a Model 4010AAKK Intoxilyzer. This instrument uses infrared light to measure the amount of alcohol in the breath sample. The machines are calibrated by the manufacturer, rechecked for calibration monthly with a wet bath simulator provided by the state chemist, and checked for calibration before and after each test. The machine uses the ratio of 2100 to 1, the ratio, Froesch testified, that is accepted in scientific literature.

■ Finally, Richards argues that the intoxilyzer does not determine the amount of alcohol in the blood by "chemical analysis." SDCL 32–23–7 provides that "the amount of alcohol in the defendant's blood at the time alleged as shown by chemical analysis of the defendant's blood, breath, or other bodily substance shall give rise to the following presumptions...." Because the intoxilyzer uses infrared light rather than a chemical to absorb alcohol in the sample, Richards argues that an intoxilyzer is outside the scope of SDCL 32–23–7.

We disagree. The phrase "chemical analysis" commonly includes "tests for identifying chemical compounds by their physical properties, as the Intoxilyzer does." *City of Dayton v. Schenck,* 63 Ohio Misc. 14, 16, 409 N.E.2d 284, 286 (1980). In *Gandara v. State,* 661 S.W.2d

---

1. The prima facie evidence is:

    (1) The machine was properly checked and in proper working order at the time of conducting the test;
    (2) That the chemicals employed were of the correct kind and compounded in proper proportion;
    (3) That subject had nothing in his mouth at the time of the test and had taken no food or drink within fifteen minutes prior to taking the test; and
    (4) That the test was given by a qualified operator in the proper manner. 278 N.W.2d at 812.

    The *Frye* standard is:

[T]he evidential force of the principle must be recognized, and while courts will go a long way in admitting expert testimony deduced from a well-recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs. 54 App.D.C. at 47, 293 F. at 1014.

2. *See* SDCL 32–23–14.1 which provides that to be valid, chemical test analysis of a person's breath must be performed according to methods approved by the state chemist and by an individual possessing a valid permit issued by the state chemist for that purpose.

749, 751 (Tex.App. 8th Dist.1983), the court said:

> Appellant argues that the phrase "chemical analysis of ... breath" in Article 6701/–5 means a test of one's breath *by* chemicals as opposed to a test *of* the chemicals in the breath. We find the distinction insignificant. The purpose of the test is to ascertain the chemical content of the breath and scientifically correlate the results to an anticipated chemical content of the blood. The intoxilyzer procedure achieves that purpose despite its use of infrared light in lieu of reactive chemicals. (emphasis in original)

*Accord, State v. Moore,* 307 A.2d 548 (Del. Super.1973); *Husk v. State,* 476 N.E.2d 149 (Ind.App. 1st Dist.1985); *McConnell v. Commonwealth,* 655 S.W.2d 43 (Ky.Ct. App.1983); *State v. Dorsey,* 58 Or.App. 521, 648 P.2d 1304 (1982). Accordingly, we hold that because the intoxilyzer determines blood alcohol content by measuring the alcohol content of a person's breath, it accomplishes a chemical analysis pursuant to SDCL 32–23–7.

The judgment is affirmed.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.