**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Larry J. LIKNESS, Defendant and Appellant.**

**No. 14824.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1985.

Decided April 16, 1986.

Rehearing Denied May 21, 1986.

Thomas Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William E. Coester, Milbank, for defendant and appellant.

FOSHEIM, Chief Justice.

Larry J. Likness (Likness) appeals his conviction of driving while under the influence of alcohol in violation of SDCL 32–23–1(2).[1] We affirm.

Two citizens reported independent observations of Likness or his auto on Milbank

1. SDCL 32–23–1(2) provides:
 A person may not drive or be in actual physical control of any vehicle while: ...

(2) Under the influence of an alcoholic beverage. ...

area roads. The first report was made by a traveler who followed Likness's vehicle until it turned. This citizen noted the license plate number and informed the area law enforcement center that the car appeared to be driven by a drunk. He could not further identify the driver, except that it was a male. The second report was by a local resident who found Likness in his stopped car at the side of the roadway. The hood of the car was up. She talked briefly with Likness and considered his speech and demeanor unusual. On her return trip past Likness and his vehicle, she noted the automobile license plate number and called law enforcement.

Following the two phone calls reporting the same vehicle, the local highway patrolman promptly began investigating and found the vehicle on the shoulder of a road. Likness was asleep in the driver's seat with his head against the window. The patrolman noted that the car had sustained some damage. The ignition switch was turned on but the engine was not running.

The patrolman placed Likness under arrest for driving while under the influence of alcohol (DWI) and read him the implied consent advisory. Likness consented to a blood-alcohol test. An intoxilyzer established a blood-alcohol level of 0.13%.

Likness contends the information charging him with the crime of driving *or* being in actual physical control of a motor vehicle while under the influence of alcohol was defective in that it charged the commission of two crimes in a single count, contrary to SDCL 23A–8–2(4).[2] The information read:

> That on or about the 29th day of June, 1984, in Grant County, South Dakota, Larry J. Likness did commit the public offense of Driving While Under The Influence of Alcohol, SDCL 32–23–1(2), and that he did drive, or was in actual physical control of, a vehicle while under the influence of an alcoholic beverage, contrary to statute in such case made and provided against the peace and dignity of the State of South Dakota.

The testimony of both reporting citizens was received in evidence. Likness argues that the first report could have led to a driving while under the influence charge while the second report and the highway patrolman's observations could have resulted in a charge of being in actual physical control of a vehicle while under the influence. He notes, however, an absence of evidence that these acts constituted a continuous episode leading to his arrest. Thus, he concludes the dual charge[3] and cumulative evidence prejudiced his trial and likely confused the jury. We disagree.

This court has had several occasions to determine the propriety of an information which charges two acts from one statute in a single count. We note initially that both the statute and the information state the separate acts in the disjunctive:

> The rule seems to be well settled that, when a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the *same offense* and is subject to the same punishment, an information may charge any and all such acts conjunctively as constituting a single offense.

*State v. Pirkey*, 22 S.D. 550, 553, 118 N.W. 1042, 1044 (1908) (emphasis added) (*citing State v. Donaldson*, 12 S.D. 259, 81 N.W. 299 (1899)); *see also State v. Fender*, 358 N.W.2d 248, 251–52 (S.D.1984). This rule, however, is not absolute. We have also consistently held that "an information is

---

**2.** SDCL 23A–8–2(4) states:
Upon motion of a defendant made pursuant to subdivision (1), (2) or (3) of § 23A–8–3, the court must dismiss an indictment or information in any of the following cases: ...
 (4) When more than one offense is charged in a single count; ....

**3.** Under SDCL 23A–8–3(3) objections based on defects in an information must be raised by motion before trial. Here, Likness timely moved that State be required to elect one of the charges stated in the information. He also moved that the information be struck because it alleged more than one crime. Both motions were denied. Consequently, he did not waive the claimed defect. *State v. Lachowitzer*, 314 N.W.2d 307 (S.D.1982); *see also State v. Hanson*, 54 S.D. 267, 223 N.W. 55, *aff'd*, 56 S.D. 140, 227 N.W. 571 (1929).

sufficient if it employs the language of the statute or its equivalent [even if it is the disjunctive]." *State v. Rodriquez,* 347 N.W.2d 582, 583 (S.D.1984) (citing, inter alia, *State v. Alexander,* 313 N.W.2d 33 (S.D.1981)). Both maxims, however, bear the common denominator that each applies only if the disjunctive language employed relates to but *one offense. Rodriquez,* 347 N.W.2d at 583 (citing *State v. Giuliana,* 270 N.W.2d 33 (S.D.1978); *State v. Strauser,* 75 S.D. 266, 63 N.W.2d 345 (1954)); *Pirkey,* 22 S.D. at 553, 118 N.W. at 1044.

 In this our first occasion to declare whether SDCL 32–23–1(2) contains two offenses,[4] we conclude it does not. We initially note that being in actual physical control of a vehicle includes the act of driving. The inverse, however, is not true since driving is a more specific act. Nevertheless, a review of the legislative history of SDCL 32–23–1, makes it apparent that the statutory phrase "drive or be in actual physical control of any vehicle" is synonymous with the word "operate" found in older statutes. *See State v. Chaney,* 261 N.W.2d 674, 675 n.* (S.D.1978). We further note that the acts of driving or being in actual physical control are not separate provisions of SDCL 32–23–1 but rather describe one violation which may be established in four different ways. *See* SDCL 32–23–1(1)–(4). Moreover, we have previously concluded that driving need not be established for a violation of SDCL 32–23–1(2). *State v. Hall,* 353 N.W.2d 37, 41 (S.D.1984). In *Hall,* we upheld a conviction for being in actual physical control where evidence of the defendant's actual driving was suppressed. Thus, even though there was no evidence that Hall actually drove the vehicle, he was convicted for a violation of SDCL 32–23–1(2).

 We note that the verdict forms provided for the jury addressed only the driving while under the influence charge rather than allowing the jurors to find Likness guilty or innocent of driving or being in actual physical control while under the in-

fluence. However, we find no prejudicial error emerging from that oversight. The issue was not briefed or argued by counsel and the facts and circumstances do not rise to an application of the plain error doctrine. *See* SDCL 23A–44–15; *State v. Holter,* 340 N.W.2d 691, 692 (S.D.1983); *State v. Brammer,* 304 N.W.2d 111, 114 (S.D.1981). While there was an absence of positive identification that Likness was driving, ample testimony established that he was later found in physical control of the vehicle.

We find no merit in Likness's argument concerning the admissibility of intoxilyzer test results used to establish his blood alcohol content at the time of arrest. The record indicates that sufficient foundation was laid for admission of the results. SDCL 19–17–1(9), (10); SDCL 32–23–14.1; and *State v. Richards,* 378 N.W.2d 259 (S.D.1985). The questions raised appear to address the weight of the evidence, rather than its admissibility. We cannot, therefore, conclude as a matter of law that the trial court erred in admitting the intoxilyzer test results.

We have reviewed the remaining issues raised, but find them to be without merit.

We affirm.

MORGAN, J., and HERTZ, Circuit Judge acting as a Supreme Court Justice, concur.

WUEST, J., concurs specially.

HENDERSON, J., dissents.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

WUEST, Justice (concurring specially).

I concur with the majority opinion. The better pleading practice, however, would have been to state separate counts similar to the amended information in *State v. Remacle,* 386 N.W.2d 38 (S.D.1986).

---

4. The issue was collaterally addressed in *State v. Hall,* 353 N.W.2d 37 (S.D.1984), and in *State v.*

*Chaney,* 261 N.W.2d 674 (S.D.1978), but not as it relates to challenge under SDCL 23A–8–2(4).

HENDERSON, Justice (dissenting).

Initially, it should be noted that the circumstances we are confronted with are unlike the facts in *Petersen v. Dep't of Public Safety*, 373 N.W.2d 38 (S.D.1985). Here, appellant Likness was found asleep in the driver's seat behind the steering wheel with the ignition switch turned on. Since a position in the driver's seat is a relevant and common element in cases finding actual physical control of a motionless vehicle, *State v. Smelter*, 36 Wash.App. 439, 443, 674 P.2d 690, 692 (1984), *see also Petersen*, 373 N.W.2d at 40 n. 2 (Henderson, J., dissenting); and because appellant Likness was therefore in a position from which he could readily drive, I would have no quarrel if Likness was properly brought to trial and tried for being in actual physical control of a vehicle while under the influence of an alcoholic beverage. SDCL 32–23–1(2). However, inasmuch as appellant Likness was not properly brought to trial, tried and convicted, I dissent from the majority opinion herein. Accordingly, I would reverse and remand for a new trial.

SDCL 23A–8–2(4) provides for the dismissal of an information "[w]hen more than one offense is charged in a single count[.]" *State v. Myott*, 246 N.W.2d 786, 789 (S.D.1976). The controlling statute, not cited by the majority opinion, is SDCL 23A–6–23, which provides:

> Two or more offenses may be charged in the same indictment or information *in separate counts* for each offense, if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. (Emphasis supplied mine.)

Here, in one count, the information charged Likness with driving *or* being in actual physical control of a vehicle while under the influence of alcohol. Since both allegations address a different factual event constituting a different charge, how was appellant to know which charge the State intended to pursue? Although an information is sufficient if it parrots statutory language, *State v. Provost*, 266 N.W.2d 96, 99 (S.D.1978), the information cannot parrot disjunctive statutory language which relates to more than one offense, *State v. Rodriguez*, 347 N.W.2d 582, 583 (S.D.1984). SDCL 32–23–1 does contain two offenses.

The first offense prohibited by SDCL 32–23–1, as relevant herein, is driving while under the influence. The second offense is being in actual physical control of a vehicle while under the influence. These are separate offenses with a differing element of proof. A person can obviously be in actual physical control of a vehicle without ever having driven it, but a conviction for *driving* under the influence demands an additional element of proof, to wit, the act of driving the vehicle. Thus, since evidence of actual physical control cannot support a conviction for driving while under the influence, I would hold that the first offense contained within SDCL 32–23–1, the offense of driving while under the influence, must be separately charged in the information. This was not done in the case at bar; it prejudiced appellant's substantial rights, *see* SDCL 23A–6–14; appellant properly objected thereto; and under *State v. Lachowitzer*, 314 N.W.2d 307, 309 (S.D.1982), and SDCL 23A–8–3(3), this case requires reversal and a new trial.

Where is the prejudice to appellant? His substantial rights are prejudiced and result from the information's inadequate apprisal of the particular SDCL 32–23–1 offense for which appellant was to prepare and present his defense, and so, later, a judgment could be interposed as a bar to a subsequent prosecution for the same offense. *State v. Sinnott*, 72 S.D. 100, 104, 30 N.W.2d 455, 456 (1947), *cert. denied*, 334 U.S. 844, 68 S.Ct. 1512, 92 L.Ed. 1768 (1948). *See also*, *State v. Belt*, 79 S.D. 324, 334–35, 111 N.W.2d 588, 593 (1961). Additionally, the State and the trial court unwittingly took advantage of this appellant. Cumulative evidence on both SDCL 32–23–1 offenses was presented at trial which could have

confused the jury; further, the jury was provided with a verdict form for the driving offense only. Thus, the jury was allowed to convict appellant Likness for driving while under the influence even if they did not conclude that he drove the vehicle. Such criminal pleading was a hodgepodge which permitted a jury to pin one of two tails on the donkey. He was to feel the "ouch" in either event and was precluded from setting up at Bar, double jeopardy in the future. Reasons exist for the rule which forbids charging more than one crime in a single count of either an indictment or information. These reasons are:

(1) To assure that the person charged is sufficiently notified of the charge;

(2) To protect that person so charged against double jeopardy;

(3) To avoid prejudice and confusion which would naturally arise as evidentiary rulings are required during trial;

(4) To assure that the person charged is sentenced only for the crime charged; and, lastly,

(5) To guarantee jury unanimity.

The above is supported by *United States v. Alsobrook,* 620 F.2d 139 (6th Cir.1980), *cert. denied,* 449 U.S. 843, 101 S.Ct. 124, 66 L.Ed.2d 51 (1980); *United States v. Pavloski,* 574 F.2d 933 (7th Cir.1978); *United States v. Starks,* 515 F.2d 112 (3rd Cir. 1975); and *State v. Lomagro,* 113 Wis.2d 582, 335 N.W.2d 583 (1983).

This decision, in my opinion, is opposed to specific statutes, the settled law of this state, and the above-quoted decisions. Accordingly, I dissent.