[Civ. No. 29711. First Dist., Div. One. May 3, 1972.]

THOMAS RICHARD SMITH, Plaintiff and Appellant, v.
ROBERT C. COZENS, as Director, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Watson, Hoffe & Fannin and Coleman F. Fannin for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—An appeal is properly taken from an order and judgment denying an application for mandate sought by appellant Smith to annul a Motor Vehicle Department suspension of his driver's license under the "Implied Consent" law, found in Vehicle Code sections 13353-13354. The appeal additionally purports to be taken from certain nonappealable orders; as to those orders it will be dismissed.

Smith's overall contention is that the "evidence was not sufficient to support the judgment of the trial court."

The facts appear to be undisputed. Smith was arrested on probable cause to believe that he was driving a motor vehicle under the influence of intoxicating liquor. Upon being advised of his duty to participate in a test of his blood, breath or urine, he chose a urine test. However, for at least a half hour thereafter he was unable to produce a urine specimen. He was then asked to submit to a test of his blood or breath. He responded, "I tried to urinate," and would not agree to either of the other tests. He accordingly submitted to none of the chemical tests required by section 13353.

Smith's first contention, that the Vehicle Code at the time of his arrest did not require that he *complete* a test but only that he *not refuse* one, has been resolved adversely to him in *Cahall* v. *Department of Motor Vehicles,* 16 Cal.App.3d 491, 496 [94 Cal.Rptr. 182], and *Quesada* v. *Orr,* 14 Cal.App.3d 866, 871 [92 Cal.Rptr. 640]. In those cases it is expressly held that upon the suspected drunken driver's inability to produce a urine sample the statute requires him, upon request, to submit to, and *complete*, one of the other tests.[1]

Smith next argues that "only the arbitrary time limit imposed by the arresting officer prevented completion of the chosen test." Clearly implied in the statute is the requirement that one of its described tests be submitted to and completed expeditiously; otherwise the purpose of the law would be frustrated.

*People* v. *Sudduth,* 65 Cal.2d 543, 546 [55 Cal.Rptr. 393, 421 P.2d 401], speaks of blood alcohol tests as being "a fair, efficient, and accurate system of detection" of inebriated drivers, and points out that such evidence of intoxication "disappears rapidly with the passage of time . . . ." (See also *In re Martin,* 58 Cal.2d 509, 512 [24 Cal.Rptr. 833, 374 P.2d 801]; *Ent* v. *Department of Motor Vehicles,* 265 Cal.App.2d 936, 940 [71 Cal.

---

[1]An amendment to Vehicle Code section 13353 effective *after* the instant arrest and *after* the arrests of Cahall and Quesada, *expressly* provides that one of the named tests shall be *completed*.

Rptr. 726]; *People* v. *Huber,* 232 Cal.App.2d 663, 672 [43 Cal.Rptr. 65].) And since lapse of time between the arrest and the test "affects the accuracy of its result" the court in *Funke* v. *Department of Motor Vehicles,* 1 Cal.App.3d 449, 453 [81 Cal.Rptr. 662], interpreted section 13353 as requiring that one of the three tests *"be taken on arrest"* of the drunken driver suspect. (Italics added.) We encounter no difficulty in concluding that failure, as here, to promptly complete the selected test, requires submission to, and completion of, one of the other tests.

The next contention that having selected one test, Smith was not obliged to "select more than one test" is disposed of by the cases of *Cahall* v. *Department of Motor Vehicles, supra,* 16 Cal.App.3d 491, and *Quesada* v. *Orr, supra,* 14 Cal.App.3d 866, and our earlier discussion of those authorities.

Nor is merit seen in Smith's final point that he was misled somehow by the officer into believing that his statutory "obligation [having] been fulfilled by his *selection* of the urine test," a second test "was not necessary to comply with the law." We find no such inference reasonably to be drawn. As we have pointed out, Smith was asked to submit to one of the alternative tests, but refused, stating, "I tried to urinate." We said in *Quesada* v. *Orr, supra,* 14 Cal.App.3d 866, 871, upon his "inability to submit to the type of chemical test chosen by him, he was obliged, upon request so to do, to select another with which he could comply. Not having done so he refused a 'request to submit to a chemical test' (see § 13353, subd. (b)) and brought upon himself the penalty of the statute."

██ On his appeal Smith further urges that it was not "clearly explained to him" that he "must choose a second test." This contention was not raised at the Motor Vehicle Department hearing or in the superior court; we will not consider it now. (See *Reimel* v. *Alcoholic Bev. etc. Appeals Bd.,* 256 Cal.App.2d 158, 176-177 [64 Cal.Rptr. 26].)

██ The trial court's decision was supported by substantial evidence, and no abuse of discretion or other error appears.

The order and judgment denying appellant Smith's petition for mandate are affirmed. The appeal as it relates to other, and nonappealable, orders is dismissed.

Molinari, P. J., and Sims, J., concurred.