**In re Michael Richard MEHRER.**

**No. 11854.**

Supreme Court of South Dakota.

Argued Oct. 14, 1976.

Reassigned Jan. 6, 1977.

Decided April 1, 1977.

Judith Atkinson, Asst. Atty. Gen., Pierre, for appellant State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on the brief.

. May, Porter, Adam, Gerdes & Thompson, Pierre, for respondent Michael Richard Mehrer.

MORGAN, Justice (on reassignment).

In reviewing this case we are confronted by a sparse record containing not even one iota of direct evidence. We must rely on the statements of counsel in motions, briefs and arguments and the trial court in its memorandum decision.

This proceeding is another driver's license revocation proceeding arising from a one-car automobile accident which occurred on the first day of June, 1975, within the corporate limits of Fort Pierre, Stanley County, South Dakota. Subsequently, the driver of the automobile, Michael Richard Mehrer, respondent herein (Mehrer) was arrested by Officer Taylor of the Pierre Police Department at the St. Mary's Hospital in Pierre and after receiving the implied consent warning from an ASAP card was asked to take a blood test which he refused to do. When Mehrer was charged in Stanley County with the offense of driving while under the influence after preliminary hearing and motion for dismissal the circuit judge dismissed the charges without prejudice upon the grounds that the court had no in personam jurisdiction because the purported arrest was invalid.

At some point subsequent to the refusal to take a blood test the Department of Public Safety (Department) commenced proceedings to revoke Mehrer's driver's license and after receipt of the results of a departmental hearing he appealed to the Circuit Court of Stanley County for trial de novo. Subsequent to the filing of the appeal Mehrer served and filed a motion to quash the revocation proceedings or in the alternative for summary judgment. The grounds set out were the dismissal of the DWI charge, which counsel urged constituted a collateral estoppel on the Department of Public Safety and was binding upon the Department in this proceedings. The motion was not supported by any affidavits nor by a certified copy of the order or judgment of dismissal referred to. The Department did not serve or file any resistance to the motion other than a reply brief to the brief of Mehrer in support of the motion.

The parties by agreement submitted the motion to the court on the briefs, and the file, and without oral argument.

In the briefs two issues were argued; the first, whether or not there was an invalid arrest, and the second, whether or not the prior decision in the DWI case constituted collateral estoppel as urged in Mehrer's motion. The trial court's memorandum deci-

sion apparently rested solely upon the issue of whether or not a valid arrest had been made and ignored the issue of collateral estoppel. In doing so the court obviously went beyond any record that had been made in the instant case for he had not one shred of testimony before him from the departmental revocation proceedings or from the appeal de novo, for no testimony had been taken therein. It should be noted that the motion was before the same judge who had rendered the earlier decision in the DWI case. By his decision he granted summary judgment in favor of Mehrer and by this appeal we are called upon to review the propriety of this action. The summary judgment was entered in a form denominated "Order", however, it was a final determination of the issues and the parties have treated it as a judgment and we likewise choose to do so for the purposes of this appeal.

Unfortunately, the knowledge that the trial judge had regarding the facts upon which he based the summary judgment was garnered by him in the previous proceedings. Not being privy to the trial court's knowledge of the fact situation, this court is utterly at a loss to make any determination whatever as to the propriety of the granting of summary judgment upon the grounds set out in the memorandum decision and order.

Accordingly, we must reverse the decision of the trial court and remand the case.

All the Justices concur.

WINANS, Retired J., sitting for PORTER, J., disqualified.