**Kenneth Wayne BOGGS, Appellant and Petitioner,**

v.

**STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, Respondent.**

**No. 11908.**

Supreme Court of South Dakota.

Dec. 30, 1977.

---

N. Dean Nasser, Jr. of Gridley & Nasser, Sioux Falls, for appellant and petitioner.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice.

Appellant was arrested on May 15, 1975, for driving while intoxicated, a violation of SDCL 32–23–1. Appellant refused to submit to a chemical test in response to the arresting officer's request that he do so. Appellant concedes that the arrest was made upon probable cause and that the arresting officer advised him fully of his rights under the implied consent statute.

Pursuant to appellant's request, a hearing was conducted by a hearing officer following the Department of Public Safety's (department) notification of intention to revoke driver's license. Following the hearing, an order was entered revoking appellant's driver's license for a period of one year. Upon appeal, the circuit court entered a judgment affirming the decision of the hearing officer. Appellant has appealed from this judgment.

Appellant has levied some six separate constitutional attacks upon the implied consent law and the revocation procedure established thereunder.

Appellant's first contention is that as it read at the time of his arrest the revocation statute, SDCL 32–23–11, denied him due process of law in that it made mandatory the revocation of his driver's license once the department determined that appellant was advised of his rights under the statute following a valid arrest and then refused to submit to a chemical test. Appellant calls our attention to the fact that in 1976 SDCL 32–23–11 was amended to read:

"If any person described in § 32–23–10, after request and explanation as therein provided, shall refuse to submit to such chemical analysis, then such test shall not be given. In such event after opportunity for hearing pursuant to chapter 1–26 if hearing is demanded, if the department shall find that the law enforcement officer complied therewith and the refusal was made by that person then it may revoke for one year his license to drive and any nonresident operating privileges he may have in his possession or may allow such driver to drive under restrictions which may be imposed by the department."

■ Whatever reason the legislature may have had to amend SDCL 32–23–11 in 1976, the fact of the amendment does not imply that the statute prior to amendment was in any way unconstitutional. In 1973 the legislature amended SDCL 32–23–11, see Ch. 195, Laws of 1973, to provide for a prerevocation hearing, an amendment designed to satisfy the requirements imposed by the case of *Holland v. Parker,* D.S.D., 354 F.Supp. 196, as that decision interpreted the case of *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90. Cf. *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172. The fact that the legislature in 1976 gave the department discretion to impose restrictions upon a motorist's right to drive in lieu of revoking his license for a year does not change the essential nature of the hearing, which is to determine whether the requirements of the implied consent statute were complied with by the arresting officer and whether the motorist thereafter refused to submit to a chemical test as required by the statute.

■ Appellant complains of the fact that he was deprived of procedural due process by reason of the fact that the hearing officer was an employee of the department. In view of the fact that appellant has agreed that his arrest was lawfully made upon probable cause, that the arresting officer advised him of his rights under the implied consent statute, and that he refused to submit to a chemical test after

being so advised, we do not understand how appellant has reason to complain of any bias on the part of the hearing officer in the instant case. In any event, appellant was entitled to a de novo hearing in circuit court. See *In re Campbell,* S.D., 250 N.W.2d 280; *State Dept. of Public Safety v. Cronin,* S.D., 250 N.W.2d 690.

■ Appellant contends that the penalty provisions of the implied consent law are unduly oppressive, harsh and excessive, and inappropriate to their legitimate public purpose, with the result that those provisions are an unreasonable and thus invalid exercise of the police power. Appellant points to the fact that the legislature amended the statute in 1976 by mitigating the former mandatory one-year revocation provision with the alternative of the imposition of driving restrictions. Here again, the legislature may have had a number of reasons for amending the statute. As we stated in *State v. Peterson,* S.D., 261 N.W.2d 405, decided this day, the purpose of the implied consent statute is to achieve the objective of a fair, efficient and accurate system of the detection and prevention of drunken driving. The sanction of revocation of driving privileges is designed to enhance the ability of the state to obtain the best possible evidence of the blood alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicated. We conclude that it is for the legislature to determine the appropriate sanction to be imposed upon a motorist who refuses to consent to a test designed to secure that evidence. Appellant suggests that other, lesser sanctions, such as fines, could provide the same coercive effect without endangering the employment of the arrested motorist and the economic security of entire families. This argument may have, and apparently did have, a persuasive ring in the context of legislative debate, but as a matter of constitutional law it would be a pernicious, dangerous doctrine to impose upon the range of legitimate choices available to the legislature the restriction that it could employ only the least drastic means to achieve the legitimate legislative goal of

coping with the menace posed by drunken drivers, for no matter how careful the legislature might be in striving to comply with that standard, one can be sure that ingenious minds could always be expected to conjure up post-hoc sanctions of even lesser severity.

We have considered appellant's other claims of error, and we conclude that they are without merit.

The judgment appealed from is affirmed.

All the Justices concur.