**In re Michael Richard MEHRER.**

**No. 12382.**

Supreme Court of South Dakota.

Argued Sept. 15, 1978.

Decided Jan. 5, 1979.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant, State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on the brief.

Harold H. Deering, Jr., of May, Adam, Gerdes & Thompson, Pierre, for defendant and respondent, Michael Richard Mehrer.

RAMYNKE, Circuit Judge.

On June 1, 1975, Officer Tom Taylor of the Pierre Police Department received an order from the Pierre desk sergeant to proceed to the City of Fort Pierre, South Dakota, to investigate an accident involving a personal injury. There was no law enforcement officer on call at that time in the City of Fort Pierre. Upon arriving in Fort Pierre, Officer Taylor observed a gray Ford automobile in front of the Chateau Liquor Store. He observed damage to the grill and left fender and skid marks extending from the car to a light pole about ten feet away. Fluid was running out of the radiator and the car appeared to have been in an accident. The only person in the car was respondent, who was seated behind the steering wheel in the driver's seat. The officer approached respondent and detected a strong odor of alcoholic beverage. Respondent had a bump on his forehead and was bleeding from his lower lip.

Respondent was placed in an ambulance and taken to the hospital in Pierre. He was not placed under arrest at the scene of the accident. In the emergency room of St. Mary's Hospital in Pierre, Officer Taylor formally arrested respondent on a charge of driving while under the influence of alcoholic liquor. The officer then read respondent the implied consent warning and rights and requested respondent to submit to a blood alcohol test. Respondent refused to submit to the test. Notice of this refusal was later forwarded to the Department of Public Safety, which notified respondent that his driver's license would be revoked for failure to comply with the implied consent law. Respondent thereupon requested an administrative hearing. This hearing was held on July 10, 1975, and on July 16 respondent was notified that his driving privileges would be withdrawn for failure to comply with the implied consent law.

Respondent filed a petition in circuit court requesting a trial de novo under SDCL 32–23–12. Judgment was entered in favor of respondent on a motion for summary judgment on January 13, 1976. This judgment was appealed to this court, and we remanded the matter to the trial court for trial. *In re Mehrer*, S.D., 252 N.W.2d 22. A trial de novo was held on June 30, 1977. This is an appeal from the resulting judgment finding that the arrest made by Officer Taylor was not a legal arrest because he was outside his jurisdiction when he investigated the accident in Fort Pierre.

We held in *State v. MacDonald*, S.D., 260 N.W.2d 626, that a municipal policeman may make a valid citizen's arrest outside the limits of his jurisdiction. Respondent

concedes that had Officer Taylor made the arrest at the scene of the accident in Fort Pierre, it would have been a valid citizen's arrest under the *MacDonald* rule. The issue raised here is whether such an arrest is invalid if the officer makes the arrest after bringing the subject of the arrest in to a hospital which happens to be within the legal jurisdiction of the officer. We hold such an arrest to be valid. Officer Taylor investigated the accident, and he had probable cause to believe that respondent was the driver of the vehicle and that he was under the influence of alcoholic liquor at the time. Under SDCL 32–23–1.1 a warrantless arrest under such circumstances is authorized. *State v. Townsend*, S.D., 231 N.W.2d 367.

A second issue has been raised in this case. A criminal charge was brought against the respondent for driving while under the influence of alcoholic liquor. That charge was dismissed by the trial court on the grounds that there had been an illegal arrest. No appeal was taken by the state from that dismissal. Respondent now contends that the principle of collateral estoppel should prevent any further adjudication of the issue of the legality of the arrest in a license revocation proceeding.

In the case of *Beare v. Smith*, 82 S.D. 20, 25, 140 N.W.2d 603, 606, this court said:

The proceeding to determine or review the propriety of the cancellation, suspension, or revocation of a driver's license is separate and distinct from a criminal trial on a charge of driving while under the influence of intoxicating liquor or drugs, and the efficacy of the revocation by the Commissioner does not hinge on whether there is a conviction or acquittal on a criminal charge related to the test.

In the case of *Kirby v. State, Dept. of Public Safety*, S.D., 262 N.W.2d 49, the defendant was arrested for driving while under the influence of intoxicating liquor, was informed of his rights under the implied consent statute, and refused to submit to a breathalyzer test. The DWI charge was dismissed in magistrate court on the ground that the officer had no probable cause for arrest. The state proceeded with the revo-

cation proceeding, however, and the defendant's driver's license was revoked for one year. On trial de novo, the circuit court concluded that no probable cause existed for the defendant's arrest and therefore the provisions of SDCL 32–23–10 were not available to support the revocation of his driver's license. This court reversed that decision on appeal, saying:

Even though the officers may not have had authority under SDCL 32–23–1.1 to arrest respondent for driving while intoxicated in view of the fact that they did not observe respondent driving and because he was not involved in a traffic accident, the officers could have arrested him for being in actual physical control of a vehicle while under the influence of alcoholic beverage, SDCL 32–23–1(2), supra, for that violation clearly occurred in their presence. 262 N.W.2d at 51.

The court thereupon held that the fact that the officer had told the defendant he had been arrested for DWI did not preclude the officer from requiring him to submit to a chemical test, where, although the officer did not have basis to arrest for DWI, he did have probable cause to arrest the motorist for being in actual physical control of a vehicle while under the influence. In a footnote the court stated: "The dismissal of the criminal charge was, of course, irrelevant to the disposition of the revocation proceedings. *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603; *Blow v. Commissioner*, 83 S.D. 628, 164 N.W.2d 351." 262 N.W.2d at 50.

In order to apply the principle of collateral estoppel the court must find that the parties and the issues were identical. In the present case we find the following differences:

(1) The DWI charge is criminal, the driver's license revocation is civil.

(2) The standard of proof in the DWI is beyond a reasonable doubt. In the implied consent proceedings it is preponderance of the evidence.

(3) The DWI charge is prosecuted by the state's attorney of the county where it occurs. License revocation is prosecuted by the Attorney General.

(4) The DWI charge is brought in the name of the State. License revocation is brought in the name of the Department of Public Safety.

The Department of Public Safety not only has no control over the actions taken in any criminal DWI case by the state's attorney, it does not receive notice of any decisions reached by the circuit court or local magistrate in dealing with dismissals of the criminal charges.

In *State v. Pickering*, 88 S.D. 548, 225 N.W.2d 98, this court held that double jeopardy would apply if the "same evidence test" could be applied. The court said:

We believe it to be the rule generally recognized that the plea of double jeopardy is available only when the separate offenses are in substance the same, so that the evidence which proves the one would prove the other and if an essential element of one is not necessarily present in the other there is no former jeopardy. 88 S.D. at 553, 225 N.W.2d at 101.

 Different elements must be proven to establish guilt of DWI than to establish a violation of the implied consent law. A conviction under the DWI statute would not be sufficient to prove a violation of the implied consent law, which requires the additional proof that the person was informed of his rights under the law and that he thereafter refused to take the test. There could be a dismissal of the implied consent revocation proceeding and a conviction for DWI. What happens at the revocation hearing is not affected by what happens to the DWI charges. *Beare v. Smith*, supra.

We conclude, therefore, that the principle of collateral estoppel is inapplicable to the issues in this case.

The judgment appealed from is reversed and the case is remanded with directions to reinstate the order revoking respondent's driver's license.

WOLLMAN, C. J., and DUNN, J., concur.

ZASTROW and MORGAN, JJ., concur specially.

RAMYNKE, Circuit Judge, sitting for PORTER, J., disqualified.

ZASTROW, Justice (concurring specially).

Although I agree with the result reached in the majority opinion, the treatment of the collateral estoppel issue is in error. The majority appears to dismiss the collateral estoppel claim on the basis of lack of privity and a differing burden of proof.

In *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263 (1940), the Supreme Court stated:

There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. (citation omitted) The crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy. 310 U.S. at 402, 403, 60 S.Ct. at 917, 84 L.Ed. at 1276.

The decision makes it clear that the representative may be an officer or agency which may bind the other government officer or agency:

But here the authority of the Commission is clear. . . . It [the Commission] represented the United States in that determination and the delegation of that power to the Commission was valid, as we have said. *That suit therefore bound the United States, as well as the appellant. Where a suit binds the United States, it binds its subordinate officials.* (emphasis supplied) 310 U.S. at 403, 60 S.Ct. at 917, 84 L.Ed. at 1276.

See also *United States v. Willard Tablet Co.* (C.A.7), 141 F.2d 141 (1940); *George H. Lee Co. v. Federal Trade Commission* (C.A.8), 113 F.2d 583 (1944).

Although it is not applicable in all instances, the state and its agencies and officers are subject to the principles of res judicata and collateral estoppel. The State of South Dakota and its agency, the Department of Public Safety are in privity

and are bound by the judgment, *Trustees of Stigmatine F., Inc. v. Secretary of A. & F.*, Mass., 341 N.E.2d 662 (1976); *Crumpler v. Board of Administration Emp. Retire. Sys.*, 32 Cal.App.3d 567, 108 Cal.Rptr. 293 (1973); *River Valley, Inc. v. Dubuque County* (C.A.8), 507 F.2d 582 (1974); unless for some other reason, the principles of res judicata or collateral estoppel do not apply.

The principle of collateral estoppel, or issue preclusion as it is now denominated, is stated in Restatement of the Law (Second), Judgments, Tentative Draft No. 1, § 68:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The exceptions to the principle are stated in § 68.1 of the Restatement of the Law (Second), Judgments, Tentative Draft No. 1:.

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (a) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment by an appellate court in the initial action; or
>
> (b) The issue is one of law and (i) the two actions involve claims that are substantially unrelated, or (ii) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or
>
> (c) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedure followed in the two courts or by factors relating to the allocation of jurisdiction between them; or
>
> (d) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or
>
> (e) There is a clear and convincing need for a new determination of the issue (i) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (ii) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (iii) because the party sought to be concluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

The state's position (which is adopted by the majority opinion) is essentially that which is stated in § 68.1(d). However, the burden of proof differences of a criminal case and a civil case are not involved in the resolution of this case. The judgment in the original criminal action was not based upon an acquittal but was based upon the determination by the trial court (from undisputed facts) that the arrest was improper and that therefore the trial court lacked jurisdiction over the defendant. It was not based upon a failure of the state to prove facts beyond a reasonable doubt. Rather, it was a question of law in both cases to be passed upon by the trial court. The exception to the application of collateral estoppel based upon a variance of the burden of proof is inapplicable to the issue sought to be precluded from relitigation in this case.

The reason that collateral estoppel does not apply to the arrest issue determined in the original action is because of the inability of the state to obtain appellate review of the trial court's determination as a matter of right. Restatement of the Law (Second), Judgments, Tentative Draft No. 1, § 68.-1(a). Under this court's recent decision of *State v. Nuwi Nini*, S.D., 262 N.W.2d 758

(1978), the dismissal of the original criminal charge for lack of jurisdiction could not be appealed by the state as a matter of right. Therefore, the state is not precluded from relitigating the issue of the legality of the arrest in the subsequent action.

The majority opinion cites *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966); *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969); and *Kirby v. State, Dept. of Public Safety*, S.D., 262 N.W.2d 49 (1978), in support of its position that collateral estoppel does not apply. However, a review of those cases clearly indicates that the issue of collateral estoppel was not raised nor decided. The footnote from the *Kirby* case is, at best, dictum on the issue of collateral estoppel, if it was even addressed to the issue of collateral estoppel which is uncertain. The *Beare* and *Blow* decisions merely indicate that the criminal charges and revocation proceedings are different causes of action. That does not defeat the collateral estoppel doctrine, but is one of its requirements.

For the reasons stated, the circuit court's decision is properly reversed.

I am hereby authorized to state that Justice MORGAN joins in this special concurrence.