DEPARTMENT OF PUBLIC SAFETY, State of South Dakota, Plaintiff and Appellee,

v.

Roy Thomas FRANKMAN, Defendant and Appellant.

No. 13247.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1981.

Decided Nov. 4, 1981.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Gary R. Richards of Richards, Hood & Brady, Spearfish, for defendant and appellant.

PER CURIAM.

This is an appeal from a circuit court judgment revoking appellant's drivers license after his arrest for driving while intoxicated. We affirm.

The arresting officer stopped appellant's vehicle for failure to dim headlights. The officer noticed appellant's slurred speech, unsteady gait, and odor of alcohol. Appellant failed to satisfactorily perform the usual sobriety tests; the officer testified that appellant did not appear to comprehend the instructions for the tests.

Appellant was placed under arrest. The officer read the *Miranda* warning to appellant. After the officer read the warning a second time, appellant said that he understood it. The officer read the implied consent rights to appellant; appellant did not respond when asked if he understood the rights. Appellant did indicate, however, that he did not want to take a chemical test. Appellant testified that, after the *Miranda* warning was read to him, "[I]t got kind of confusing. If I have the right to remain silent, why wouldn't I have the right not to take a blood test? So that's why I refused it. If you have a right to remain silent, if you have a right to have an attorney, why shouldn't you have a right to refuse a blood test, which I did."

█ Appellant urges us to adopt the "confusion doctrine." Generally under this doctrine, the arresting officer has a duty to explain the differences between the *Miranda* warnings and implied consent rights, if the motorist indicates his confusion to the officer. Consequently, a request for an attorney or the assertion of the right against self-incrimination resulting from the commingling of the warnings does not constitute refusal to take the tests under implied consent statutes. See generally *Rust v. California*, 267 Cal.App.2d 545, 73 Cal.Rptr. 366 (1968); *State Department of Highways v. Beckey*, 291 Minn. 483, 192 N.W.2d 441 (1971); *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973); *Hall v. Secretary of State*, 60 Mich.App. 431, 231 N.W.2d 396 (1975) (dissent), *Agnew v. Hjelle*, 216 N.W.2d 291 (N.D.1974). We decline to adopt this "doctrine." Here, the officer followed South Dakota implied consent statutes; there is no requirement that appellant understand the implied consent warning given at the time of arrest. *Matter of Knust*, 288 N.W.2d 776 (S.D.1980). Anything less than a consent is regarded as a refusal. *Matter of McKillop*, 273 N.W.2d 126 (S.D.1978).

█ Appellant also contends that the arresting officer was required to first administer a breath test before requesting a blood test. Appellant argues that SDCL 32–23–1.2 requires the officer to first request a breath test. The statute makes no such requirement. It only requires the motorist to submit to a breath test at the request of a law enforcement officer. The officer made no such request. Appellant here was asked to submit to a blood test and instructed under SDCL 32–23–10. Appellant was required to take the test selected by the officer. *Stensland v. Smith*, 79 S.D. 651, 116 N.W.2d 653 (1962).

The judgment of the circuit court revoking appellant's drivers license is affirmed.