In the Matter of the REVOCATION OF the DRIVER LICENSE OF Charles G. KRAMER.

No. 14786.

Supreme Court of South Dakota.

Considered on Briefs Sept. 13, 1985.

Decided Dec. 4, 1985.

Rehearing Denied Jan. 9, 1986.

Leonard E. Andera of Andera, Rabuck and Smith, Chamberlain, for appellant Kramer.

Sherri L. Sundem, Asst. Atty. Gen., Pierre, for appellee State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on briefs.

FOSHEIM, Chief Justice.

Dr. Charles Kramer (Kramer) appeals from a circuit court decision to revoke his driver's license for failing to comply with South Dakota's implied consent laws. We affirm.

Kramer was arrested for driving while intoxicated (DWI) in violation of SDCL 32–23–1. The police officer found him in his car which was positioned at an angle different than other cars in the parking lot. The car's bumper was backed against an unoccupied, parked truck. The motor was running with the transmission indicator in reverse. The doors were locked. Kramer was behind the wheel. The officer aroused Kramer and after some difficulty, Kramer succeeded in pulling up the doorlock knob. When the officer opened the door, Kramer started to fall out. The officer pushed him back to a sitting position. Kramer was asked to shut off the vehicle. The car then started to roll forward and Kramer complied with the officers' instruction to put the transmission into park. The officer noted the odor of alcohol and observed Kramer's disheveled appearance, bloodshot eyes, apparent confusion and disorientation. Kramer unsatisfactorily completed field sobriety tests and was placed under arrest. Kramer refused to take a blood alcohol test after being advised of the implied consent law. The officer took Kramer to a local hospital where he again refused to allow a nurse to draw a blood sample.

The implied consent card read to Kramer and the arrest report indicated that Kramer was arrested for driving while intoxicated. The information dated two months later, however, charged Kramer with having actual physical control of a vehicle while under the influence of alcohol. Both are criminal offenses under SDCL 32–23–1.

Kramer was notified by the Department of Public Safety that under SDCL 32–23–11 they intended to revoke his driver's license as a result of his alleged refusal to submit to the requested test. The notice informed Kramer that he was entitled to an administrative hearing to determine whether the officer had complied with the implied consent laws and whether Kramer had indeed refused to submit to the test. Kramer was also notified that his license would not be subject to revocation if he pled guilty to a violation of SDCL 32–23–1 prior to a revocation order being issued. At Kramer's request, a hearing was held. The hearing officer entered findings of fact and conclusions of law which recommended that Kramer's license and any nonresident operating privileges be revoked for one year. The hearing officer concluded that the policeman had reasonable suspicion to investigate and had probable cause to arrest Kramer for a violation of SDCL 32–23–1, that Kramer was lawfully arrested and fully advised of his rights, and that Kramer refused to submit to the blood test.

Kramer petitioned the circuit court for a trial de novo concerning the revocation of his license. The circuit court reached the same conclusions and ordered Kramer to surrender his driver's license. This appeal is from that order. Most of the issues raised by Kramer traverse roads of settled law in this state.

The first question is whether Kramer was afforded adequate constitutional protections in the license revocation procedure.

In *In re Mehrer*, 273 N.W.2d 194, 196 (S.D.1979), we characterized a license revocation as a civil procedure separate and

distinct from a criminal charge of driving while intoxicated. Further, a driver's license is a privilege, SDCL 32–12–21, subject to revocation for failing to comply with South Dakota's implied consent laws, SDCL 32–23–10 through –11. Under *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), a revocation of an "entitlement" such as a driver's license must be constitutionally sound. A person must be given notice and an opportunity for a meaningful hearing, appropriate to the nature of the case. *Id.* at 541–43, 91 S.Ct. at 1590–91 (citing *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965), and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950)).

■ Kramer has failed to identify any facts or circumstances which could lead to a conclusion that he was not afforded appropriate constitutional protection. He was notified of his rights and given a full due process hearing prior to revocation. Since revocation is a civil procedure, a preponderance of the evidence is the appropriate State's burden. *In re Mehrer*, 273 N.W.2d at 196. *See also Boggs v. State*, 261 N.W.2d 412 (S.D.1977). Consequently, we fail to find merit in this argument.

■ We next consider whether Kramer was penalized for exercising his right to a jury trial rather than pleading guilty and avoiding revocation under SDCL 32–23–11.-1. That statute provides that a driver's license will not be revoked because the driver refused a chemical test under South Dakota's implied consent law if the driver pleads guilty to a charge under SDCL 32–23–1 (DWI statute). Kramer did not plead guilty. Accordingly, he lacks standing on this issue. Because of his plea, he was neither coerced nor affected by the statute. *In re Hopewell*, 376 N.W.2d 812, at 816 (South Dakota 1985).

■ Kramer contends the Department of Commerce and Regulation has failed to establish work driving permits as directed by statute. We find this argument to also be without merit. By statute the Department is directed to establish revocation exemptions (restricted licenses). SDCL 32–23–11. The Department has done this. See ARSD art. 61:19. These rules are in harmony with applicable penalty statutes which provide that a driver's license shall be *unconditionally* revoked upon second or subsequent convictions of SDCL 32–23–1 within a five-year period. *See* SDCL 32–23–3, –4, and –4.1. ARSD 61:19:01:02. Department rules recognize the tenor of the penalty statutes and provide that "[n]o person who has previously been convicted of a violation of SDCL 32–23–1 . . . within the four-year period preceding the date of refusal is eligible to receive a restricted license." ARSD 61:19:01:02. We do not agree that these rules are "inherently prejudicial" to those bearing previous convictions under SDCL 32–23–1. *See also Boggs v. State*, 261 N.W.2d 412, 414 (S.D.1977).

■ Kramer also argues that the ultimate disposition of his criminal charge under SDCL 32–23–1 should bear upon the revocation of his driver's license for refusing to take the requested blood alcohol test. In *In re Mehrer*, 273 N.W.2d 194, 196 (S.D.1979), we held that the disposition of the criminal charge is irrelevant to the disposition of a license revocation proceeding for violation of our implied consent law. Both tribunals found that the police officer had reasonable suspicion to inspect and probable cause to arrest. The findings that Kramer was read the implied consent law and that he refused the requested blood alcohol test are fully supported by the record. Consequently, the judgment stands. *See Gross v. Connecticut Mutual Life Insurance Co.*, 361 N.W.2d 259, 266 (S.D.1985).

■ Finally, Kramer claims the officer mislead him at the time of arrest by erroneously informing him of the specific charge. We initially note that the confusion doctrine is neither applicable nor recognized in South Dakota. *Department of Public Safety v. Frankman*, 312 N.W.2d 32, 33 (S.D.1981). Kramer did not have to understand the implied consent warning given at the time of arrest. *In re Knust*, 288

N.W.2d 776 (S.D.1980). Moreover, the officer's misstatement of the specific charge under SDCL 32–23–1 does not dilute our implied consent laws. Since Kramer was lawfully arrested for a violation of SDCL 32–23–1, the police officer had the statutory authority to request that Kramer take a blood alcohol content test. SDCL 32–23–10. *Kirby v. State*, 262 N.W.2d 49, 52 (S.D.1978). At that juncture, it was not prejudicial for the officer to inform him that he was being arrested for DWI rather than for being in actual physical control of a motor vehicle while under the influence of alcohol. Both are violations of SDCL 32–23–1.

The judgment is affirmed.

HENDERSON, J., and WUEST and HERTZ, Acting JJ., concur.

MORGAN, J., dissents with no writing.