MEIERHENRY, Justice
(concurring in result).
[¶ 16.] I concur in result; however, I write to clarify the correct standard for a valid traffic stop under the facts of this case. Since the officer observed what he believed was a traffic violation, he had probable cause to stop the vehicle. The officer did not stop the vehicle because he had suspicions of drunk driving or to investigate any other suspicious activity; he stopped Wendling to cite him for a traffic violation. Consequently, probable cause, not reasonable suspicion was the correct standard. See Atwater v. City of Lago Vista, 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549 (2001) (“If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender”); Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (“[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred”); Matter of Hopewell, 376 N.W.2d 812, 815 (S.D.1985). As LaFave’s treatise on Search and Seizure explains:
In the run-of-the-mill case, ... traffic stops are made based upon the direct observations of unambiguous conduct or circumstances by the stopping officer. That is, in most of the cases the stopping will have been made on full probable cause. Considering that the Supreme Court held in Atwater v. City of Lago Vista that probable cause alone suffices to justify a custodial arrest for the slightest traffic offense, it is apparent that probable cause is legally sufficient where the lesser intrusion of a traffic stop occurs (except perhaps for parking violations).
4 Wayne R. LaFave, Search and Seizure § 9.3(a) at 360 (4th ed. 2004) (first emphasis added).
[¶ 17.] In contrast, if an officer has not witnessed a violation but only has reasonable articulable suspicion of criminal activity, the officer can stop the vehicle to investigate under Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968) (noting that a “police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest”) (emphasis added). See also State v. Hayen, 2008 SD 41, ¶ 5, 751 N.W.2d 306, 308 (recognizing that the “Fourth Amendment permits a brief investigatory stop of a vehicle”). Thus, while probable cause provides authority for a custodial arrest, reasonable suspicion provides authority to. stop an individual to investigate a suspected crime. Compare Atwater, 532 U.S. at 354, 121 S.Ct. at 1557, 149 L.Ed.2d 549 (citation omitted) (any *842 minor traffic violation equals probable cause and justifies custodial arrest “without the need to ‘balance’ the interests and circumstances involved in particular situations”), with Terry, 392 U.S. at 21-22, 88 S.Ct. at 1879-80, 20 L.Ed.2d 889 (noting reasonable suspicion permits investigation of a crime without the authority to make arrest; however, there must be a “balancing [of] the need [i.e., ‘governmental interest’] to search (or seize) against the invasion which the search (or seizure) entails”); Michigan v. Summers, 452 U.S. 692, 699, 101 S.Ct. 2587, 2592-93, 69 L.Ed.2d 340 (1981) (noting that investigative seizures on less than probable cause are justified by “substantial law enforcement interests”) (emphasis added).
[¶ 18.] Here, the officer testified that the “sole” reason he made the traffic stop was because he observed Wendling overdrive the conditions in violation of SDCL 32-25-3. We have clearly said that: “[a]n officer’s observation of a traffic violation, however minor, gives the officer probable cause to stop a vehicle, even if the officer would have ignored the violation but for a suspicion that greater crimes are afoot.” State v. Akuba, 2004 SD 94, ¶ 16, 686 N.W.2d 406, 414 (citations omitted) (emphases added). Here, the officer did not make a Terry stop of Wendling to investigate suspicious activity, the officer stopped Wendling because he believed that he had probable cause to issue a citation.
[¶ 19.] Thus, the proper question was whether probable cause existed to warrant the stop. We have defined probable cause as follows:
Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of every day life on which reasonable and prudent men, not legal technicians, act.
Probable cause is not determined with the benefit of hindsight, it is determined by those factors present at the time of the arrest which would lead a reasonable person to believe that a crime has been committed.
Matter of Hopewell, 376 N.W.2d at 815 (S.D.1985) (citations and quotations omitted).
[¶ 20.] Although I believe that the proper test in this circumstance is a probable cause standard, I nevertheless would reverse the circuit court. Ultimately what the court appears to have done is to adjudicate the charge as opposed to determining if the officer had probable cause to stop and cite Wendling for overdriving the conditions. The officer had probable cause if the “factors present at the time ... would lead a reasonable person to believe that a crime has been committed.” Matter of Hopewell, 376 N.W.2d at 815 (citations and quotations omitted). At the preliminary hearing, the officer described what he saw that caused him to stop Wendling and issue him a ticket. He testified as follows:
I was parked at the stop sign on the intersection of First Street and Sixth Avenue.
As I was parked facing west, I noticed a vehicle travel on to Front Street from Fifth Avenue, at that time the back end of the pickup swung around and made a fishtail action.
On cross examination, the officer described the “fishtailing” as follows: “The back end was — the back tires had lost traction causing the back end to swing around. It wasn’t going sideways or anything like that, but it was enough to notice from a *843 block away.” The officer assumed the snow and ice caused the vehicle to lose traction.
[¶ 21.] The circuit court determined that because “there was little or no evidence presented by the State of what speed Wendling was driving, or of what speed would have been reasonable and prudent, or that excessive speed caused the fishtailing,” the officer “did not have a reasonable and articulable suspicion of a violation.” The circuit court, however, found that “[the officer’s] opinion was that the loss of traction on the ice and snow was the cause of the fishtailing, in addition to the rapid acceleration of the vehicle.... The evidence therefore established that Wendling drove erratically-accelerated too hard and fishtailed, not that he drove too fast.” SDCL 32-25-3 criminalizes the operation of a vehicle “at a speed greater than is reasonable and prudent under the conditions then existing.” The officer’s description of the vehicle rapidly accelerating on the icy street causing it to fishtail provided sufficient evidence for a reasonable person to believe that Wendling was operating his vehicle at a speed greater than was reasonable and prudent under the icy conditions. Although the facts may be insufficient to convince a trier of fact beyond a reasonable doubt of guilt, the findings of fact were sufficient to establish probable cause to stop the vehicle.